USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS MUNOZ,

                Plaintiff,

-against-

ROBENSON ELIEZER C.O.; KEITH G. CHASE C.O.; SHAUN A. MEDINA C.O.; JEFFREY BENAIM C.O.; JAMES G. GOEHL C.O.; AILEEN MCCARTHY, NURSE; ROBERT V. BENTIVEGNA, DR.,

                Defendants.

16-cv-6049 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Carlos Munoz ("Plaintiff"), proceeding *pro se*, commenced this action on July 28, 2016, pursuant to 42 U.S.C. § 1983 for alleged Eighth Amendment violations. (*See* Complaint ("Compl."), (ECF No. 2).) Plaintiff's claims are asserted against five corrections officers, Robenson Eliezer ("Eliezer"), Keith G. Chase ("Chase"), Shaun A. Medina ("Medina"), Jeffrey Benaim ("Benaim"), and James G. Goehl ("Goehl") (collectively, the "Defendant Officers"), and two medical professionals, nurse Aileen McCarthy ("McCarthy") and Dr. Robert V. Bentivegna ("Dr. Bentivegna") (collectively the "Medical Defendants"). (*Id.*) By Order to Amend dated August 16, 2016, this Court directed Plaintiff to file an amended complaint detailing the personal involvement of the corrections officers and the manner in which his medical care was inadequate. (*See* Order to Amend (ECF No. 6), at 4-5.) On September 22, 2016, Plaintiff filed his Amended Complaint ("Am. Compl.") attempting to clarify his claims against the Defendants; this iteration is the operative complaint. (*See* Am. Compl. (ECF No. 8).)

    Presently before the Court is Defendants' motion to dismiss the Amended Complaint for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See*

1

Defendants' Brief in Support of the Motion to Dismiss ("Defs. Br.") (ECF No. 35), at 1.)[1] For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of this motion.[2]

Plaintiff is a *pro se* inmate housed at Greenhaven Correctional Facility ("Greenhaven"), a prison within the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff initiated this action on or about July 28, 2016, for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment and his right to adequate medical care. (*See* Am. Compl. at 4-7.)[3] Plaintiff alleges that the Defendant Officers violated his Eighth Amendment constitutional right to be free from excessive force when they allegedly attacked him on March 27, 2016. (*See* Am. Compl. at 4-5, unnumbered attached page ("UAP") 1.) As to the Medical Defendants, Plaintiff alleges that he was denied adequate medical care. (*Id.*)

On March 27, 2016, Plaintiff was waiting to return to his cell from receiving his medication, which return was being directed by Defendant Eliezer. (*See* Am. Compl. at 4.) While waiting, Plaintiff asked Eliezer if he could go to the bathroom, as his "company ha[d] not been called to the messhall" yet. (*Id.*) In response, Eliezer said "get the fuck out of here and go to

---

[1] Defendants served their motion on May 30, 2016. (*See* Defs. Not. Mot. (ECF No. 34), Ex. A.) After being granted an extension of time, (*see* ECF No. 32), Plaintiff was required to oppose Defendants' motion by July 24, 2017, and Defendants were directed to serve their reply and file all motion papers, including Plaintiff's Opposition, on the Court's electronic filing system by August 8, 2017, (*id.*) On August 8, 2017, Defendants filed their moving papers and a letter indicating that Plaintiff failed to serve an opposition and requesting this Court deem the motion fully submitted. (*See* ECF No. 38.) Three weeks later, on August 30, 2017, Plaintiff filed a letter complaining of the alleged excessive force and advising that he would soon be provided with a walker or wheelchair. (*See* ECF No. 3.) Plaintiff's letter made no mention of the pending motion or a request for an extension of time to file an opposition. (*Id.*) Further, Plaintiff had ample opportunity to respond to Defendants' motion before it was filed (a total of approximately two months), and to request an extension of time to respond after Defendants' filed their August 8, 2017 letter (an additional seven months). In light of the foregoing, the Court deems the motion fully submitted and renders the following decision on the papers, as filed.
[2] The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] As Plaintiff is proceeding *pro se* and his Complaint is the standard, fillable form amended complaint, all citations thereto will be to pages, not paragraphs.

chow"; Plaintiff complied, but asked if "chow [was] mandatory on a [sic] Easter Sunday." (*Id.*) After Defendant Eliezer indicated he did not "make the rules", Plaintiff began walking "out the door" when he was suddenly called back by Eliezer who told him to "get on the fucking wall" and then frisked him. (*Id.* at 4-5.) After Plaintiff complied with the orders, Eliezer began screaming profanities in Plaintiff's face and "smack[ing him] on [the] neck and . . . face." (*Id.* at 5.)

After this interaction, the remaining Defendant Officers became involved. Plaintiff alleges that he was thrown to the floor while Goehl very aggressively attempted to place handcuffs on his wrists. (*Id.*) While this was occurring, Eliezer, Chase, Medina, and Benaim began to "knee [Plaintiff] in the [left side of his] face [and] leg." (*Id.*, UAP 1.) Plaintiff was brought to his feet, and "roughly slammed into the wall." (*Id.*) Thereafter, Plaintiff was directed into a hallway, his handcuffed wrists were raised by Goehl to expose his ribs, and he was beaten with batons by Eliezer, Chase, Medina, and Benaim in the "left leg, left shoulder and left side ribs." (*Id.*) Plaintiff contends that as a result of this alleged excessive force, he suffered a dislocated shoulder and three-to-four broken ribs. (*Id.*)

Immediately following this incident, Plaintiff was escorted to the Special Housing Unit ("SHU") where he was examined by nurse McCarthy. (*Id.*) McCarthy examined Plaintiff "from the neck up" and noted the existence of lacerations on his head and a bruise under his right eye, but "never examined [Plaintiff's] shoulder or leg or ribs at all." (*Id.*) Plaintiff further alleges that "nothing was done." (*Id.*)

Two days later, Plaintiff visited Dr. Bentivegna, complaining of pain to his chest and ribs and extreme difficulty breathing, and requested that he be transferred to an outside hospital. (*Id.*) On April 6, 2016, nine days later, Plaintiff received x-rays which revealed "a dislocated shoulder" and three-to-four broken ribs. (*Id.*) Plaintiff also alleges that he was "denied medical attention for [his] injuries by Dr. Bentivegna." (*Id.*)

3

## DISCUSSION

### I. Standard of Review

**A. Rule 12(b)(6)**

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* Plaintiff is concerned, Courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Court must therefore interpret the pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleading must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the Court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

### II. Exhaustion

Defendants first contend that Plaintiff's claims should be dismissed for failure to exhaust. (*See* Defs. Br. at 4-6.) In support of this contention, Defendants provide an affidavit of Jeffrey Hale, Assistant Director of the Inmate Grievance Program at DOCCS. (*See* Declaration of Collen

K. Faherty (ECF No. 36), Exhibit A, Declaration of Jeffery Hale in Support of Defendants' Motion dated April 18, 2017 ("Hale Decl.").)

The Prison Litigation Reform Act ("PLRA") precludes the filing of an action "with respect to prison conditions under [42 US.C. § 1983] . . . by a prisoner confined in any jail, prison or other correction facility until such administrative remedies as are available are exhausted." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (internal quotations omitted).

Whether an inmate has exhausted all administrative remedies turns on a review of "the state prison procedures [available] and the prisoner's grievance. . . ." *See Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Grievances at DOCCS are governed by the Inmate Grievance Program ("IGP"), which is based on a three-tiered system. *Id.* at 125. To adjudicate an inmate complaint: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ("IGRC"), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Officer Review Committee ("CORC"). *Id.*; *see also* N.Y. Comp. Codes. R. & Regs., tit. 7, § 701.7 (1999).

Notably, exhaustion is an affirmative defense, not a pleading requirement; thus, inmate plaintiffs need not "specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Instead, Defendants must demonstrate lack of exhaustion. *Colon v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 15-CV-7432(NSR), 2017 WL 4157372, at *5 (S.D.N.Y. Sept. 15, 2017) (citing *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009)).

Dismissal on a 12(b)(6) motion for failure to exhaust is permissible where "it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams*, 829 F.3d at 122; *see also Parris v. N.Y.S. Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 261 (S.D.N.Y. 2013) (citing *Jonson v. Westchester Cnty. Dep't of Corr. Med. Dep't*, No. 10-CV-6309,

5

2011 WL 2946168, at *2 (S.D.N.Y. July 19, 2011) for proposition that denial of motion appropriate where complaint ambiguous as to exhaustion).

Further, on such a motion, where a court is confined to the four corners of the complaint, the documents attached thereto, and things of which it is entitled to take judicial notice, *see, e.g., Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011), a court is only permitted to consider outside documents related to exhaustion and submitted by defendants under limited circumstances, *see Smith v. Miller*, No. 15-CV-9561(NSR), 2017 WL 4838322, at *5 (S.D.N.Y. Oct. 23, 2017) (noting courts can take judicial notice of administrative records in Section 1983 cases in limited circumstances). Those include instances where "the complaint a) was the standard *pro se* form complaint that has a check-box regarding exhaustion, b) contained allegations clearly stating that the inmate had exhausted his administrative remedies, or c) clearly pointed to the fact that the inmate had, in fact, not exhausted." *Colon*, 2017 WL 4157372, at *5.

This Court declines to consider the Hale Declaration because the Amended Complaint does not fall into any of the three above-articulated categories. First, though it is a form complaint, it does not have "a check-box regarding exhaustion", *Colon*, 2017 WL 4157372, at *5; indeed, the pre-printed text of the document only references exhaustion insofar as it generally reminds inmates that exhaustion is a requirement to filing a federal lawsuit, (*see* Am. Compl. at 6.) Second, the Amended Complaint contains no "allegations clearly stating that [Plaintiff] had exhausted his administrative remedies." *Colon*, 2017 WL 4157372, at *5. Plaintiff's listing of grievance numbers and dates, (*see* Am. Compl., UAP 2), is certainly not a clear statement that Plaintiff has exhausted his administrative remedies. The pre-printed reminder, (*see* Am. Compl. at 6), does no more to alter the outcome; it fails to constitute any representation by Plaintiff regarding exhaustion whatsoever.

Defendants nonetheless argue that Plaintiff's "lack of exhaustion is clear from the face of the complaint", (*see* Defs. Br. at 5), presumably attempting to fit Plaintiff's allegation into the third category articulated above, insofar as they contend that the phrase "[t]he grievance log# 82613-16 Apr 04 2016 log# 82613-16 Apr 18 2016", (*see* Am. Compl., UAP 2), is evidence that Plaintiff has failed to exhaust his administrative remedies. It is well settled that exhaustion is not a pleading requirement; thus, Plaintiff need not allege that he filed every grievance or any grievance at all. *See Jones*, 549 U.S. at 216; *Jonson*, 2011 WL 2946168, at *2 (citing *Smalls v. Jummonte*, No. 08-CV-4367, 2010 WL 3291587, at *2 (S.D.N.Y. Aug. 13, 2010) for proposition that fact that plaintiff does not plead exhaustion is not proof of lack of exhaustion). That Plaintiff only referenced two grievance dates is evidence of nothing more than that he filed at least two grievances. *See McNair v. Rivera*, Nos. 12-CV-06212(ALC)(SN), 12-CV-8325(ALC)(SN), 13-CV-0352(ALC)(SN), 2013 WL 4779033, at *5 (S.D.N.Y. Sept. 6, 2013) (failure to exhaust not pled where general reference to grievances made). The allegation is ambiguous at best. *Compare to Parris*, 947 F. Supp. 2d at 361 (denying motion to dismiss regarding exhaustion where complaint "contains no reference to CORC"). This is sufficient a basis on which to deny the motion. *Jonson*, 2011 WL 2946168, at *2 (denying motion to dismiss where complaint ambiguous as to exhaustion).

Further, this allegation is not the type exemplary of "clearly point[ing] to" not exhausting. *Colon*, 2017 WL 4157372, at *5 (collecting cases). Those types of complaints include allegations amounting to an admission by the plaintiff that he did not exhaust for whatever reason. *Compare Garvin v. Rivera*, No. 13-CV-7054(RJS), 2015 WL 876464, at *3 (S.D.N.Y. Feb. 28, 2015) (lack of exhaustion clear where "plaintiff specifically pleads that he initiated the administrative process . . . but concedes that he did not appeal that decision") *with Smalls*, 2010 WL 3291587, at *3 (declining to consider defendants' extrinsic evidence)

7

In light of the foregoing, this Court finds no reason to consider the Hale Declaration, *see Parris*, 947 F. Supp. 2d at 362 (declining to consider defendants' affidavit "purportedly showing a lack of closed grievances"), seemingly demonstrating a lack of appealed grievances to CORC regarding the alleged incident, (*see* Hale Decl., ¶4), to determine whether Plaintiff has exhausted his administrative remedies. This Court also declines to turn this motion into one for summary judgment. *See Simmons v. Cripps*, No. 12-CV-1061(PAC)(DF), 2013 WL 1285417, at *3 (S.D.N.Y. Mar. 28, 2013) (denying exhaustion motion where complaint ambiguous and not converting to summary judgment).[4] Defendants' motion to dismiss for failure to exhaust is denied without prejudice.

## III. Eighth Amendment Deliberate Indifference to Medical Needs

Defendants next argue that the inadequate medical care claims against the Medical Defendants should be dismissed because Plaintiff has failed to plead a sufficiently serious deprivation and the requisite deliberate indifference to a known risk of injury to Plaintiff's health. (*See* Defs. Br. at 7-12.) This Court agrees.

A claim for inadequate medical care is born out of the Eighth Amendment's protection against cruel and unusual punishment. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (citing *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)). To be entitled to relief for inadequate medical care, a plaintiff must plead and prove "deliberate indifference to his serious medical needs." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) ("*Hathaway II*") (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)) (alterations omitted).

---

[4] Considering Plaintiff's *pro se* status, the early stage of the litigation, the fact that no discovery has taken place in this case (indeed, Plaintiff has not even availed himself of the opportunity to oppose the motion), and this Court's decision not to consider the Hale Declaration, the Court does not find converting the motion into one for summary judgment warranted. *Parris*, 947 F. Supp. 2d at 362 ("Court may exclude the additional material and decide the motion on the complaint alone or [2] it may convert the motion to one for summary judgment.") (alterations in original); *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (noting that conversion to summary judgment *may* be appropriate where the "matters outside the pleading are . . . not excluded by the court") (S.D.N.Y. 2003).

Deliberate indifference is a dual-pronged analysis requiring proof of both an objective and subjective prong. *Hathaway II*, 37 F.3d at 66. The objective prong mandates the deprivation be, "in objective terms, sufficiently serious." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotations omitted). To satisfy the subjective prong, the official must act with "a sufficiently culpable state of mind," *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991), in that the official "must know of and disregard an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Negligence or medical malpractice do not "rise to the level of a constitutional violation unless the malpractice involves culpable recklessness." *Hill*, 657 F.3d at 123 (citing *Chance*, 143 F.3d at 703) (internal quotations and alterations omitted). Relatedly, so long as a prisoner "receives adequate treatment", he "does not have the right to choose his medical treatment." *Id.* (citing *Estelle*, 429 U.S. 97); *see also Chance*, 143 F.3d at 703 (noting that a prisoner's preference for different treatment does not rise to the level of an Eighth Amendment violation).

Read liberally, the Amended Complaint asserts two forms of deliberate indifference to serious medical needs, failure to treat and delay in care, (*see* Am. Compl., UAP 2); neither sustain an Eighth Amendment claim.

### A. Objective Prong

The objective prong requires a two part inquiry. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). First, there must be an actual "deprivation of adequate medical care." *Id.* at 279. Reasonable care cannot constitute a deprivation. *See Farmer*, 511 U.S. at 844-47. Then, the Court must determine whether that deprivation is sufficiently serious, which requires the existence of "a

9

condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill*, 657 F.3d at 122 (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("*Hathaway III*")).

Drawing all possible inferences from Plaintiff's facts, he alleges that McCarthy failed to provide treatment at all, (*see* Am. Compl., UAP 2), which requires the examination of whether the "medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280. Plaintiff's alleged injuries of three-to-four broken ribs and a dislocated shoulder are certainly sufficiently serious for purposes of the Eighth Amendment, as both are objectively associated with extreme pain. *See Molina v. New York*, 697 F. Supp. 2d 276, 280, 286 (S.D.N.Y. 2010) (broken arm was serious injury); *Griffin v. Donelli*, No. 05-CV-1072(TJM/DRH), 2010 WL 681394, at *8 (S.D.N.Y. Feb. 24, 2010) (broken rib met seriousness); *Torres v. N.Y.C. Dep't of Corr.*, No. 93-CV-6296(MBM), 1995 WL 63159, at * 1 (S.D.N.Y. Feb. 15, 1995) (broken rib could be sufficiently serious). Nevertheless, the inquiry does not end there, and as described *infra* III.B., Plaintiff has failed to demonstrate the requisite state of mind.

With regard to Dr. Bentivegna, the claim amounts to a delay in treatment.[5] Consequently, the inquiry is narrow and "focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Salahuddin*, 467 F.3d at 280. Courts have consistently found that delays in treatment of a condition that is not "fast degenerating" or "life-threatening", amounting to a few days, are not sufficiently serious. *See Demata v. N.Y.S. Corr. Dep't of Health Servs.*, 198 F.3d 233, 233 (2d Cir. 1999); *Clay v. Kellmurray*, 465 F. App'x 46, 46 (2d Cir. 2012) (summary order) (three day delay not sufficiently serious); *Jimenez v. Sommer*, No. 14-CV-5166(NSR), 2017 WL 3268859, at *7 (S.D.N.Y. July 28, 2017) (noting six-day delay between x-ray and treatment, or even nine-day delay not sufficiently serious). As in *Jimenez*,

---

[5] It is also possible that Plaintiff is claiming that he should have been transferred to the hospital, as requested. Construing the facts in the light most favorable to Plaintiff, if he was not transferred, the claim amounts to nothing more than a preference of treatment, not recoverable under the Eighth Amendment. *See Chance*, 143 F.3d at 703; *see also Warren v. Cheverko*, No. 17-CV-0790(NSR), 2018 WL 1399200, at *4 (S.D.N.Y. Mar. 19, 2018).

Plaintiff's claim amounts to a nine-day delay before being x-rayed. (*See* Am. Compl., UAP 1.) This is not sufficiently serious; the objective prong is not met as to Dr. Bentivegna.

**B. Subjective Prong**

Plaintiff's Eighth Amendment claim is ripe for dismissal for failure to allege that the Medical Defendants had the requisite deliberate indifference to his health.

With respect to nurse McCarthy, Plaintiff alleges that she "examined [him] from the neck up" (*see* Am. Compl., UAP 1), and noted lacerations and a bruise, (*id.*) but failed to "examine[ his shoulder or leg or ribs at all," (*see* Am. Compl.) Plaintiff does not allege that he informed McCarthy that he was feeling pain in his shoulder or ribs, or requested that she look at these areas. The allegations he did plead, even read in the light most favorable to him, indicate that McCarthy was unaware of the serious nature of Plaintiff's injuries, *Farmer*, 511 U.S. at 831 (deliberate indifference requires awareness of extreme risk), and the failure to provide any treatment to the injuries she *was* aware of, to wit lacerations and bruises, amounts to negligence, at most; not an Eighth Amendment violation. *See Hill*, 657 F.3d at 123 (noting malpractice and negligence not constitutional violations). For the same reason, Plaintiff cannot allege an Eighth Amendment violation on the basis that McCarthy did not examine anything below his neck. To the extent it would have been prudent for her to do so, then her conduct, again, only amounts to negligence. *See Warren v. Cheverko*, No. 17-CV-0790(NSR), 2018 WL 1399200, at *5 (S.D.N.Y. Mar. 19, 2018) (citing *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) for proposition that "inadvertent failures to impact medical information" not enough for constitutional violation).

Even assuming Dr. Bentivegna's delay in treatment was sufficiently serious, the analysis is similar to that of McCarthy. Plaintiff has alleged no facts from which an inference regarding Dr. Bentivegna's state of mind can be made, *see Jimenez*, 2017 WL 3268859, at *8 (finding no deliberate indifference for a six-day delay); *James v. Correct Care Sols.*, No. 13-CV-0019(NSR),

11

2013 WL 5730176, at *6 (S.D.N.Y. Oct. 21, 2013) (noting that deliberate indifference requires more than allegations about a delay in treatment), nor does he allege that the delay in treatment was intentional or reckless, *see Bell v. Jendell*, 980 F. Supp. 2d 555, 562 (S.D.N.Y. 2013) (dismissal proper in absence of allegations that "the delay was either intentional or reckless"), or done to punish plaintiff, *see Crique v. Magill*, No. 12-CV-3345(PAC)(GWG), 2013 WL 3783735, at *3 (S.D.N.Y. July 9, 2013) (noting reservation of designation as deliberate indifference in Second Circuit to delays as "form of punishment" or where "life-threatening and fast-degenerating condition" exist, etc.). Plaintiff has failed to establish the subjective prong.[6]

In consideration of the foregoing, Defendants' motion to dismiss the Amended Complaint for failure to state a claim against the Medical Defendants is granted.

### IV. Qualified Immunity

State officials are entitled to qualified immunity provided "(1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Morgan v. Ward*, 14-CV-7921(GHW), 2016 WL 427913, at *7 (S.D.N.Y. Feb. 2, 2016) (citing *Martinez v. Simonetti*, 202 F.3d 625, 633-34 (2d Cir. 2000)); *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Granting a 12(b)(6) motion for qualified immunity is appropriate where "the facts supporting the defense appear on the face of the complaint," *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998), *and* "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims

---

[6] The statement that Plaintiff was "denied medical attention by Dr. Bentivegna", (*see* Am. Compl., UAP 1), is conclusory and thus equally unavailing. *See Atkins v. Cnty. of Orange*, 372 F. Supp. 2d 377, 411 (S.D.N.Y. 2005) (statement that defendants "were deliberately indifferent", without more, insufficient); *Jimenez*, 2017 WL 3268859, at *8 (noting conclusory statements insufficient for deliberate indifference).

that would entitle him to relief," *id.* (quoting *Citibank, N.A. v. K-H Corp.*, 968 F.2d 1489 (2d Cir. 1992)).

In light of Plaintiff's failure to state a claim for a violation of his constitutional rights by Defendants McCarthy and Bentivegna and the resulting conclusion that their conduct was reasonable, the Medical Defendants are entitled to qualified immunity. *See Jimenez*, 2017 WL 3268859, at *9; *see also Joyner v. Greiner*, 195 F. Supp. 2d 500, 508 (S.D.N.Y. 2002) (qualified immunity where allegations demonstrated reasonableness). The motion in that regard is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is hereby GRANTED in part and DENIED in part. The claims against the Medical Defendants are dismissed with prejudice. Only the Eighth Amendment claim for excessive force against the Defendant Officers remains, and they are thus directed to answer the Amended Complaint on or before April 20, 2018. In light of the fact that Plaintiff is incarcerated, the Court hereby waives the Initial Pretrial Conference and directs the parties to confer, complete, and submit the attached case management plan on or before May 4, 2018. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34.

Dated: March 30, 2018
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

13

UNITED STATES DISTRICT COURT  Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x


                              Plaintiff(s),      **CIVIL CASE DISCOVERY PLAN**
                                                            **AND SCHEDULING ORDER**
  - against -


                              Defendant(s).      _____ CV _____ (NSR)

--------------------------------------------------------------x

       This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____. Any party seeking to amend its pleadings after that date must seek leave of court via motion.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York
_____

_____
Nelson S. Román, U.S. District Judge