USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARLOS MUNOZ,

      Plaintiff,        16-cv-6049 (NSR)
 -against-            OPINION & ORDER

C.O. ROBENSON ELIZER, et al.,

      Defendants.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Plaintiff Carlos Munoz ("Plaintiff" or "Munoz"), proceeding *pro se*, commenced the instant action asserting claims sounding in violation of 42 U.S.C. § 1983. By Opinion and Order dated March 30, 2018, the Court dismissed all claims asserted against Defendants Dr. Bentivegna and Nurse McCarthy. (ECF No. 40.) Plaintiff's only remaining claim was for alleged violations of his Eighth Amendment right to be free from excessive force. On September 28, 2018, during the pendency of discovery, Plaintiff passed away. Defendant's counsel notified Plaintiff's sister, his next of kin, and provided a death certificate to the family and the Court. Presently before the Court is Defendant's motion to dismiss the remaining claim pursuant to Federal Rules of Civil Procedure § 25 ("Rule 25"). For the following reasons, the motion is granted

  Rule 25(a)(1) provides, in pertinent part, that:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

  Rule 25 establishes a ninety-day period for any party to make a motion to substitute a party for the decedent. *See Kaplan v. Lehrer*, 173 F. App'x 934, 935 (2d Cir.2006). The ninety-

day period can be extended where there is "an inability or a significant difficulty in identifying the decedent's legal representative or successor. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir.1998). Plaintiff's sister, his next of kin, was notified of Plaintiff's passing in November 2018. More than fourteen months has passed since such notification was made and no action has been taken to identify or name a substitute representative. Similarly, no affirmative action has been taken to prosecute Plaintiff's remaining claim. For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is conditionally GRANTED as follows:

Defendant/movant is directed to serve a copy of this Opinion and Order upon Plaintiff's next of kin, Theresa Munoz, at her last known address and to file proof of service on the docket. Plaintiff's next of kin, Theresa Munoz, shall have until March 30, 2020 to move to be substituted as the representative of Plaintiff for the purpose of prosecuting the remaining claim(s). In the event there is no timely substitution, the Complaint shall be deemed dismissed upon Defendant submitting an affidavit informing the Court that no substitution has been requested and upon submission of a proposed order of dismissal. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 54.

Dated: March 2, 2020
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge